Argued January 19, affirmed February 25, 1971

FELLON, *Appellant, v.* DWYER LUMBER &
PLYWOOD CORPORATION, *Respondent.*

481 P2d 371

*Nick Chaivoe*, Portland, argued the cause for appellant. On the brief were Peterson, Chaivoe & Peterson, Portland.

*William L. Hallmark*, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

This is a workman's appeal from a compensation award. The closing section awarded claimant 32 degrees (the maximum is 320 degrees) for an unscheduled back injury. The hearing officer increased that award to 80 degrees. On review, the Workmen's Compensation Board reinstated the 32-degree award. On appeal to the circuit court the Board was affirmed.

Claimant was a 51-year-old millwright employed by Dwyer Lumber & Plywood Corporation, when the injury occurred in 1968. He tripped while carrying a steel frame, and the fall aggravated a preexisting low back condition.

He underwent a laminectomy and progressed "rapidly and remarkably." Some three months later he returned to work. His condition then was described by his physician as asymptomatic except for a slight decrease in the right achilles reflex. The work to which claimant returned was lighter than his earlier job, but paid the same.

In January 1969, he bought into a cooperative plywood mill in Washington, and since then has worked there, earning slightly more than he did from Dwyer, plus participating in the profits. None of his new duties have required heavy physical labor. The hearing officer found the increased wage and profit sharing unpersuasive in determinations of compensation, because "the comparative wage scale basis [is]

too * * * variable * * * to have significant application in the process of evaluating disability."

Two errors are claimed: (1) the affirmance of the Board's determination; (2) consideration of investment income as a factor in decreasing claimant's award.

Dr. Parsons was claimant's treating physician from injury through surgery and to the time claimant went to Washington. The trial court said in its opinion:

"Without attempting to weigh the credibility of one or more doctors as opposed to any other doctor, this Court is of the opinion that Dr. Parsons' report and evaluations have more substance because of his more direct association with the claimant throughout the entire period of time commencing with the date of the injury."

After claimant last saw Dr. Parsons on March 28, 1969, he saw a Dr. Kunz in Tacoma and Dr. Arthur Jones in Portland. The reports of the latter two are in the record, and, with claimant's testimony, they provide the basis for the hearing officer's increased award. We do not consider their evidentiary value to be as reliable as Dr. Parsons' report.

For example, in Dr. Parsons' report, based on his treatment and final examination *on March 28, 1969*, he said:

"* * * [Claimant] returns * * * stating that he has been doing quite well and has not had any pain whatsoever in his back or legs. * * * *At the present time the patient is asymptomatic.*

"* * * * *

"* * * *Both the patient and I feel that there is no disability whatsoever* * * *." (Emphasis supplied.)

On July 17, 1969, three and one-half months later, Dr. Kunz saw claimant and in his report states:

"* * * The patient * * * states * * * if [he] must push or lift he will also ache for a few days. There is some numbness in the right leg. * * * This numbness * * * *returned so he has had it now for approximately a year* * * *." (Emphasis supplied.)

We note, as did all of the previous fact-finders, that Dr. Kunz' and Dr. Jones' examinations were largely dependent on claimant's subjective complaints. Whether Dr. Kunz was misled or misunderstood, his opinion was based upon a factual premise that appears to us to have been inaccurate. All of the doctors submitted reports. None were witnesses; hence, we are in the same position to judge their opinions as were the previous factfinders.

■■ Earning capacity before and after an injury in a proper case may be considered in determining the degree of disability. *Ryf v. Hoffman Construction Co.*, 254 Or 624, 459 P2d 991 (1969). However, our review of the record indicates to us that none of the determinations were made in reliance to any appreciable extent on the earnings factor. The circuit court said, "* * * The court does not base its determination on * * * increased earnings * * * but has taken it into consideration together with the medical * * *" evidence. We find no error in this statement. The reports of a qualified physician, familiar with the objective aspects of claimant's case, were central to the Board's and circuit court's decisions. We concur in those decisions.

Affirmed.